UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHESTER C. WRIGHT,

    *Petitioner*,

  v.

MARK L. BOLSTER, Acting Warden,
Federal Correctional Institution, Petersburg,

    *Respondent*.

Civil Action No. 1:19-cv-01122 (CJN)

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this habeas case is Respondent's Motion to Transfer Case as a Second or Successive Petition, ECF No. 14, in which Respondent seeks to transfer Petitioner Chester C. Wright's *pro se* Petition for a Writ of Habeas Corpus to the Court of Appeals. In 2013, this Court dismissed as untimely Wright's 28 U.S.C. § 2254 petition challenging his D.C. Superior Court conviction because it was filed outside the Antiterrorism and Effective Death Penalty Act's one-year limitations period. *See Wright v. Wilson*, 930 F. Supp. 2d 7, 9 (D.D.C. 2013). Because a petition denied as time-barred is a dismissal on the merits under 28 U.S.C. § 2244(b), any later habeas petition challenging the same conviction is a second or successive petition. Wright's petition is therefore a second or successive habeas petition and the Court lacks jurisdiction to address it unless first authorized by the Court of Appeals. The Court therefore grants Respondent's Motion and transfers Wright's Petition to the Court of Appeals under 28 U.S.C. § 1631.

1

I.      Background

Petitioner Chester C. Wright was convicted by a jury in District of Columbia Superior Court of first-degree murder and various other offenses. *See Hammond v. United States*, 880 A.2d 1066, 1074 (D.C. 2005). The District of Columbia Court of Appeals affirmed his conviction on direct appeal but remanded the case to Superior Court "only to vacate the judgment as to certain merged offenses." *Wright v. United States*, 979 A.2d 26, 28 (D.C. 2009). Wright was resentenced, and shortly afterward, the Supreme Court of the United States denied his petition for a writ of certiorari. *See Wright v. United States*, 547 U.S. 1184 (2006).

Besides his direct appeal, Wright filed collateral challenges in both D.C. Superior Court and this Court. Wright filed five post-conviction challenges in D.C. Superior Court—four under D.C. Code § 23-110 and one under the Innocence Protection Act. All were denied. *See* Resp.'s Mot., ECF No. 14, at 4–6. Wright also filed three different § 2254 habeas petitions in this Court (in addition to the present one). The first two petitions were dismissed for lack of jurisdiction because Wright failed to show that D.C. Code § 23-110 did not provide an adequate remedy for the claims asserted. *See Wright v. Stansberry*, 667 F. Supp. 2d 286, 287 n.1 (D.D.C. 2010); *Wright v. Stansberry*, 759 F. Supp. 2d 49, 51–53 (D.D.C. 2011). The third petition, filed in 2012, asserted an ineffective assistance of counsel claim. *See Wright v. Wilson*, 930 F. Supp. 2d at 11. The Court dismissed the petition as time-barred, holding that the one-year limitations period under 28 U.S.C. § 2244(d)(1) began to run in 2006 when the Supreme Court denied Wright's petition for a writ of certiorari. *See id.* at 10.

In April 2019, Wright filed the instant *pro se* Petition for Writ of Habeas Corpus, ECF No. 1. Wright asserts four grounds for habeas relief: (1) actual innocence; (2) that the government "used false testimony" at petitioner's trial; (3) that the government used "false evidence to explain an inconsistent eyewitness account of the crime"; and (iv) that Wright's trial

2

counsel rendered ineffective assistance of counsel by failing to present purported alibi witnesses and failing to use "readily available material exculpatory evidence" to impeach a government witness. *See* Pet., ECF No. 1, at 5–10. The government moved to transfer the case to the Court of Appeals under 28 U.S.C. § 1631. *See generally* Resp.'s Mot., ECF 14.

## II.     Analysis

A prisoner in custody based on a state court judgment may file a petition for a writ of habeas corpus in federal court to challenge his conviction and sentence. *See* 28 U.S.C. § 2254. While for the purposes of § 2254 petitions D.C. Superior Court and the D.C. Court of Appeals are considered state courts, *see Head v. Wilson*, 792 F.3d 102, 106 n.3 (D.C. Cir. 2015), federal review of D.C. Superior Court convictions is limited. D.C. Code § 23-110 vests the Superior Court with exclusive jurisdiction for collateral review of such convictions, *see Swain v. Pressley*, 430 U.S. 372, 375 (1977), unless a petitioner can demonstrate that the local remedy is "inadequate or ineffective to test the legality of [the prisoner's] detention," D.C. Code § 23-110(g). In practice, § 23-110 "gives the [D.C. Superior Court] exclusive jurisdiction of virtually all collateral challenges." *Head*, 792 F.3d at 104. A narrow exception to this general bar exists for ineffective assistance of appellate counsel claims. *See id.* at 105–06; *accord Williams v. Martinez*, 586 F.3d 995 (D.C. Cir. 2009).

As part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress "established a stringent set of procedures that a prisoner in custody pursuant to the judgment of a State court . . . must follow if he wishes to file a second or successive habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (cleaned up). As relevant here, before filing an application in the district court, a prisoner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). When a petitioner files a successive

§ 2254 petition in a district court without first obtaining authorization from the court of appeals, the district court lacks "jurisdiction to entertain" the successive petition. *Burton*, 549 U.S. at 153; *see also In re Moore*, 196 F.2d 252, 254 (D.C. Cir. 1999) (holding that a "federal prisoner may not file a 'second or successive' petition unless he first obtains an order from the appropriate court of appeals authorizing the district court to consider the petition"). When a second or successive petition is erroneously filed in the district court, the Court may dismiss the case, or under 28 U.S.C § 1631, elect to transfer the case to the Court of Appeals. *See, e.g.*, *United States v. Fields*, 387 F. Supp. 3d 1, 7 (D.D.C 2019).

A dismissal of a habeas petition as untimely based on AEDPA's one-year period of limitation qualifies as a dismissal on the merits for determining whether a later petition is "second or successive." *See, e.g.*, *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) ("The dismissal of [petitioner's] first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements.").[1] Such dismissals count as decisions on the merits because the defect is not remediable. *See Altman v. Benik*, 337 F.3d 746, 766–67 (7th Cir. 2003) (per curiam).

The petition here is a second or successive petition. Wright's third § 2254 petition— dismissed as time-barred more than seven years ago—was a decision on the merits. *See Altman*, 337 F.3d at 766–67. The instant petition is therefore a second or successive habeas petition, and

---

[1] *See also Quezada v. Smith*, 624 F.3d 514, 519–20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statue of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions."); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Altman v. Benik*, 337 F.3d 764, 765 (7th Cir. 2003) (per curiam); *Harvey v. Horan*, 278 F.3d 370, 379–80 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011).

without the Court of Appeals' authorization, this Court lacks jurisdiction over it. *See Fields*, 387 F. Supp. 3d at 7.

As to the remedy, the government asks that the Court transfer Wright's petition to the Court of Appeals, rather than dismiss it. *See* Resp.'s Mot., ECF No. 14, at 11. Section 1631 requires that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Courts in this District have found it in the interest of justice to transfer successive petitions to the Court of Appeals when the government requests the transfer. *See, e.g.*, *Fields*, 387 F. Supp. 3d at 7; *United States v. Mitchell*, 953 F. Supp. 2d 162, 165 (D.D.C. 2013); *Williams v. Gonzales*, 567 F. Supp. 2d 148, 150 (D.D.C. 2008). In this case, Wright, a *pro se* petitioner, filed his petition in the wrong court, and the government requested that it be transferred to the proper court. The Court agrees with the government that Wright should be given the opportunity to have the proper court review his petition.

### III.   Conclusion

For these reasons, it is hereby

**ORDERED** that Respondent's Motion to Transfer Petition for Writ of Habeas Corpus to the D.C. Circuit as a Second or Successive Petition, ECF No. 14, is **GRANTED**. It is further

**ORDERED** that Petitioner's Habeas Petition is **TRANSFERRED**, pursuant to 28 U.S.C. § 1631, to the D.C. Circuit.

It is so **ORDERED**.

DATE: March 19, 2021

CARL J. NICHOLS
United States District Judge